0
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **JOLISHA MCDONALD**, <br><br> Petitioner, <br><br> v. <br><br> **WARDEN AT SFF HAZELTON**, <br><br> Respondent. | Civil No.: 3:18-CV-28 <br> (JUDGE GROH) |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On February 21, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] At the time she filed her petition, Petitioner was a federal inmate housed at SFF Hazelton, challenging the validity of her sentence imposed in the United States District Court for the Northern District of West Virginia. Id. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.  FACTUAL AND PROCEDURAL HISTORY[2]

**A. Conviction and Sentence**

On June 7, 2016, a grand jury indicted Petitioner and charged her with: (Count

---

[1] Unless otherwise noted, ECF citations refer to the instant case, 3:18-CV-28.

[2] Unless otherwise noted, All CM/ECF references in Facts sections II.A., II.B., and II.C. refer to entries in the dockets of Criminal Action No. 5:16-CR-23-5 in the Northern District of West Virginia, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We Not that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1) conspiracy to transport stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314; and (Counts 2 and 3) interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2 and 2314 as well as Pinkerton v. United States, 328 U.S. 640 (1946).  ECF No. 1.

On November 10, 2016, Petitioner entered a plea of guilty to Count 1 of the indictment, pursuant to a written plea agreement.  ECF Nos. 113, 115, 126.  As part of the plea, Counts 2 and 3 were dismissed on motion of the United States.  ECF No. 162.

On January 26, 2017, Petitioner was sentenced to 30 months imprisonment, to run consecutively to an undischarged term of imprisonment Petitioner was serving relative to Williamson County, Tennessee Circuit Court Case number I-CR037151B.  Id. at 2.  Petitioner was further sentenced to three years supervised release upon release from imprisonment, and ordered to pay $215,752.88 in restitution.  Id. at 3, 6.

**B. Direct Appeal**

A review of the record on PACER shows that Petitioner did not file a direct appeal.

**C. Other Post-Conviction Relief**

On January 14, 2019, Petitioner filed a letter requesting that the sentencing court re-sentence her to home confinement.  ECF No. 188.  The sentencing court construed Petitioner's letter as a motion under Federal Rule of Criminal Procedure 35, and on March 20, 2019, denied Petitioner's reqeust.  ECF No. 192.

A review of the record on PACER shows that Petitioner did not file any other appeals or motions.

### D. Instant Petition for Relief under § 2241

On February 21, 2018, Petitioner submitted her Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In support of her § 2241 petition before this Court, Petitioner asserts a single ground for relief: that she was not given seven months of jail credit for time served in the Northern Regional Jail located in Moundsville, WV. Id. at 5. For relief, Petitioner requests the Court grant her seven months credit for time served. Id. at 8.

On September 3, 2019, Respondent filed a motion to dismiss, or in the alternative, motion for summary judgment, with a memorandum in support thereof, and various exhibits. ECF Nos. 16, 16-1 through 16-4.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

A petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

Pursuant to the statute, the writ of habeas corpus shall not extend to a prisoner unless, "He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1).

## IV. ANALYSIS

The Petitioner, federal inmate number 11721-087, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the Bureau of Prisons' Inmate Locator service, Petitioner was released from custody on September 3, 2019. https://www.bop.gov/inmateloc/.

This Court lacks jurisdiction because Petitioner is no longer in the custody of the United States. In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Respondent's motion to dismiss, or, in the alternative, for summary judgment [ECF No. 16] be **TERMINATED as moot**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: September 6, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE